**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Ryan W. Bounds
Assistant U.S. Attorney
Ryan.Bounds@usdoj.gov
(503) 727-1141
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 19, 2023

Janet Lee Hoffman, Esq.
Janet Hoffman & Associates
1000 SW Broadway Ste 1500
Portland OR 97205

Re:  *United States v. Ground Zero Seeds Int'l, Inc.*, Case No. 3:22-cr-00073-IM
     Plea Agreement

Dear Ms. Hoffman:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant Ground Zero Seeds Int'l, Inc. ("GZI") agrees to waive full discovery, indictment, and substantive motions and to plead guilty to the Superseding Information to be filed in this matter, which charges defendant with Misprision of Felony in violation of Title 18, United States Code, Section 4.

3.  **Penalties**: The maximum penalties for Misprision of Felony are five years' probation and a fine of $500,000. In addition, defendant must pay a $400 fee assessment. Defendant agrees to pay the fee assessment of $400 by the time of entry of guilty plea or explain to the satisfaction of the Court why this cannot be done.

4.  **Dismissal/No Prosecution**: The USAO agrees to dismiss the Indictment previously returned in this case and to forgo any additional charges against defendant and its officers, owners, and agents resulting from this investigation, if, first, all of the essential facts underlying such charges are known to the USAO at the time of this agreement and, second, defendant is convicted and sentenced in conformity with this agreement.

5.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Janet Hoffman, Esq.
Page 2
January 19, 2023

---

6.  **Elements of the Offense**: In order for defendant to be found guilty of Misprision of Felony as alleged in the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

    A. First, a person committed a federal felony, that is, a crime punishable by more than one year in prison, as charged in Count 2 of the Information filed in *United States v. Richard Dunham*, Case Number 3:22-cr-00158-IM;

    B. Second, defendant had knowledge of the commission of that offense;

    C. Third, defendant had knowledge that the offense was a federal felony;

    D. Fourth, defendant failed to notify a federal authority as soon as possible; and

    E. Fifth, defendant did an affirmative act, as alleged, to conceal the crime.

Defendant stipulates that uncontested and admissible evidence of defendant's relevant conduct as summarized in paragraph 7, *infra*, establishes each of the foregoing elements as to Count 1 of the Superseding Information beyond any reasonable doubt.

7.  **Factual Basis and Relevant Conduct**: Defendant stipulates that the following is a true and accurate summary of defendant's offense conduct. Defendant further stipulates that every statement herein is true and correct and that the government could prove every statement beyond a reasonable doubt at trial, including through evidence of these admissions.

    a) GZI is a grass seed marketer and distributor incorporated in the State of Oregon and maintaining its principal place of business at 24550 NW Russell Creek Road in Yamhill, Oregon. Gregory McCarthy ("McCarthy") is GZI's president, founder, and owner. McCarthy also conducts wholesale turf and forage seed sales domestically under the assumed business name Ground Zero Seeds ("Ground Zero").

    b) McCarthy and Ground Zero maintained longstanding commercial relations with the Jacklin Seed Company ("Jacklin"), a subsidiary of the J.R. Simplot Company based in Liberty Lake, Washington. McCarthy and Ground Zero routinely contracted with Jacklin for the purchase and sale of grass seed; those contracts were typically negotiated with a Jacklin employee by the name of Richard Dunham ("Dunham") by way of emails between Oregon and Washington. GZI exported much of the blue grass seed McCarthy and Ground Zero purchased from Jacklin.

Janet Hoffman, Esq.
Page 3
January 19, 2023

---

    c) By not later than April 2015, Dunham devised a scheme to defraud Jacklin and Simplot by routing Jacklin's purchases and sales of grass seed to McCarthy and Ground Zero, among others, on favorable terms in exchange for kickbacks Dunham did not disclose to Jacklin. As part of this scheme, Dunham artificially inflated the price Jacklin paid Ground Zero for seed or reduced the price at which Jacklin sold seed to Ground Zero.

    d) To help conceal this scheme from Jacklin, Dunham established and registered in the State of Idaho One Final Final, LLC ("1FF"), a business entity through which he purported to offer consulting and grass seed brokering services. Dunham used 1FF and a checking account in the name of 1FF to accept kickbacks from Ground Zero, McCarthy, and others.

    e) From approximately April 2015 through approximately September 2019, GZI realized proceeds of approximately $516,000 from sales of blue grass seed acquired as a result of kickbacks McCarthy and Ground Zero paid to Dunham in amounts totaling approximately $191,790.

The parties stipulate that the offense level applicable to Count 1 is 10 pursuant to U.S.S.G. §§ 2B1.1(a)(1) (base offense level of 7 for underlying conspiracy to commit wire fraud), (b)(1)(G) (12-level enhancement for losses exceeding $250,000), 2X4.1 (setting offense level for misprision of felony at 9 levels lower than the offense level for underlying offense), and 8C2.3(a) (incorporating Chapter Two guidelines for organizational defendants convicted of offenses covered by U.S.S.G. § 8C2.1, including misprision of felony and conspiracy to commit wire fraud). The "base fine" is $516,000 pursuant to U.S.S.G. § 8C2.4(a)(2).

8.    **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in the investigation of this matter for on-site inspection and the USAO's production of limited discovery as of the date of this agreement in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives defendant's rights to further production of evidence or information from the government, even though defendant may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery orders of the court, and other applicable authorities.

9.    **Recommendation of One Year Probation and Criminal Fine of $40,000**: In light of defendant's waiver of indictment, substantive motions, and full discovery, defendant's prompt acceptance of responsibility, defendant's agreement to and payment of the recommended fine and full restitution to Simplot for lost sales totaling $516,000 before the sentencing hearing in this case, and defendant's compliance with all other terms of this agreement, the USAO will recommend a fine of $40,000 and a one-year term of probation.

Janet Hoffman, Esq.
Page 4
January 19, 2023

---

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures or adjustments to the advisory sentencing guideline range under the applicable sentencing guidelines provisions.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence exceeding the advisory guideline sentencing range as determined by the Court at the time of sentencing without required notice to the parties. Should defendant seek an appeal despite this waiver, the USAO may take any position on any issue on appeal and may pursue any charges otherwise forgone pursuant to this agreement. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that these waivers shall remain effective in the event that the USAO alters its sentencing recommendation due to defendant's breach of any term of this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Prepayment of Full Restitution**: Defendant agrees to pay restitution to Simplot for sales it lost due to the kickbacks paid to Dunham. **The parties stipulate that the restitution due from defendant to Simplot for these losses is $516,000.**

Defendant shall present to the USAO a cashier's check payable to the Clerk of the Court for the restitution obligation enumerated in this paragraph before the sentencing hearing in this matter.

Janet Hoffman, Esq.
Page 5
January 19, 2023

---

If, for any reason, defendant still owes restitution to any person upon entry of judgment in this matter, defendant agrees that such restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

**Stipulations if Any Restitution Obligation Remains After Sentencing**
Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

**Restitution**
Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution,

Janet Hoffman, Esq.
Page 6
January 19, 2023

---

including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or rescind defendant's waiver of appeal and post-conviction relief, as described in paragraph 11, *supra*.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and shall be precluded thereby from raising a breach claim for the first time on appeal.

16.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

(Continued on next page.)

Janet Hoffman, Esq.
Page 7
January 19, 2023

---

17. **Deadline**: This plea offer expires if not accepted and signed by defendant and counsel and received by the USAO by 5:00 p.m. on January 20, 2023.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Ryan W. Bounds*

RYAN W. BOUNDS
Assistant United States Attorney

Defendant Ground Zero Seeds International, Inc., through its responsible agents and representatives, has carefully reviewed every part of this agreement with its attorney. Defendant understands and voluntarily agrees to the terms of this agreement. The corporation expressly waives its rights to appeal as outlined in this agreement. The corporation pleads guilty because, in fact, it is guilty.

1-20-23
Date

Gregory McCarthy
*For* Ground Zero Seeds International, Inc.

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/20/23
Date

Justin Rusk, Esq. on behalf of
Janet Lee Hoffman, Esq.
Attorney for Defendant